## W. J. WALKER, &c., H. C. SMITH, &c.

**Bills and Notes—Waiver of Defense.**

> The acceptance of an article for which a note is given, without objection, and long possession of same, is a waiver of a defense against the note for the consideration, except for illegality.

**Same.**

> Where a new note is taken, in consideration of the surrender of another debt, the assignee is estopped from impeaching the legality of the original consideration.

**Bills and Notes—Illegal Consideration—Adulteration in Violation of Statute.**

> A note, given for the purchase of an article, adulterated in violation of a penal statute, is voidable and without consideration, in the hands of the obligee or his assignee without the privity of the obligor, and for a new consideration on which the assignee accepted it.

Opinion of the Court.

APPEAL FROM ESTILL CIRCUIT COURT.

February 12, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON :

The acceptance of the whisky without objection and long possession and use of it without an offer to return it or rescind the contract, waived any defense against the note for the consideration except that of illegality and all cause of action on account of a breach of warranty by a deficit in quantity or quality.

But if, as alleged, the vendor of the whisky and obligee of the note had drugged it in violation of the penal statute against all such chemical adulteration, the consideration was illegal and the note therefore voidable in the hands of the obligee and also in the hands of an assignee without the privity of the obligor and for a new consideration on which the assignee took it.

In this case the testimony tends to prove that the appellants gave up a debt on Johnson in consideration of a new note and the assignment of it to them. If this be so the appellees are estopped, as against the appellants, from impeaching the legality of the original consideration.

Consequently, the court erred in the instruction to find for the appellees if the whisky was drugged and known to be so adulterated by the obligee when he sold it. The instruction ought to have been qualified by the hypothetical estoppel.

Wherefore, the judgment for the appellees is reversed and the cause remanded for a new trial.

*Bennett, for appellants.*
*Burnam, Lilly, for appellees.*